**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ALMIR BEGANOVIC, et al.**, | **CIVIL ACTION** |
| Plaintiffs, | |
| *v.* | **NO. 24-2853-KSM** |
| **FEDERAL EXPRESS CORPORATION**, | |
| Defendant. | |

## MEMORANDUM

**MARSTON, J.**                                                    **October 22, 2024**

Plaintiffs Almir and Nermina Beganovic bring claims for negligence and/or recklessness; negligent and/or reckless hiring, supervision, and retention; and loss of consortium against FedEx Ground Package System, Inc., ("FedEx Ground") in connection with a motor vehicle accident. (Doc. No. 1-1.) The lawsuit was filed in the Court of Common Pleas of Philadelphia County on July 25, 2023. (*Id.*) Almost a year after the lawsuit was filed, FedEx Ground filed a Statement of Material Facts in Support of Substitution of Successor Pursuant to Pa. R. Civ. P. 2352, and requested the substitution of its successor, Federal Express Corporation, following a merger. (Doc. No. 1-3.) Defendant Federal Express Corporation immediately removed the action to this Court based on diversity jurisdiction. (Doc. No. 1.) The Beganovics have moved to remand. (Doc. No. 10.) For the reasons discussed below, their motion is granted.

## I.    Background

This case involves a motor vehicle accident that occurred on September 22, 2022, in which a tractor trailer operated by a FedEx Ground employee or contractor struck a tractor trailer operated by Mr. Beganovic on Interstate 70 in Bates City, Missouri. (Doc. No. 1-1 ¶¶ 14, 40–

44.)  The Beganovics allege that Mr. Beganovic suffered a series of physical and emotional injuries and Ms. Beganovic suffered loss of consortium as a result of the accident.  (*Id.* ¶¶ 45–53, 83.)

When the Beganovics filed their complaint, they were citizens of New York, and FedEx Ground was a citizen of Delaware, its state of incorporation, and Pennsylvania, the state where it maintained its principal place of business.  (*Id.* ¶¶ 1–2; Doc. No. 11 at 2–3.)  On June 28, 2024, FedEx Ground filed a "Statement of Material Facts in Support of Substitution of Successor Pursuant to Pa. R. Civ. P. 2352" ("Statement of Material Facts"), requesting the substitution of Federal Express Corporation as the successor of FedEx Ground due to the merger that took effect June 1, 2024.  (Doc. No. 1-3.)  That same day, Federal Express Corporation removed the matter to this Court pursuant to 28 U.S.C. §§ 1441 and 1446(b)(3), asserting that this Court has diversity jurisdiction.  (Doc. No. 1.)  In its notice of removal, Federal Express Corporation asserts that it is a citizen of Delaware, its state of incorporation, and Tennessee, where it maintains its principal place of business.  (*Id.* ¶ 14.)

On July 26, 2024, the Beganovics filed a motion to remand this action back to the Court of Common Pleas of Philadelphia County, contending that removal is improper and FedEx Ground's Statement of Material Facts in the state court action does not provide a basis for removal.  (Doc. No. 10.)  Federal Express Corporation opposes the motion.  (Doc. No. 11.)

## II.    Legal Standard

A defendant may remove a civil action brought in state court if the case could have originally been brought in federal court.  28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division

embracing the place where such action is pending.").  As relevant here, a district court exercises original jurisdiction over a civil action "where the matter in controversy exceeds the sum or value of $75,000" and "is between citizens of different [s]tates."  *Id.* § 1332(a).  In a removal action based on diversity jurisdiction, there must be complete diversity of citizenship both when the case commenced (i.e., when the case was filed in state court) and when the matter was removed to federal court.  *See In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150–51 (3d Cir. 2017), *as amended* (Apr. 19, 2017) ("Since this case was removed to federal court, diversity must have existed both at the time the . . . plaintiffs' state court complaint was filed and at the time of removal.").

Where, as here, removal is based solely on diversity jurisdiction, the forum defendant rule applies.  *See* 28 U.S.C. § 1441(b)(2); *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 152 (3d Cir. 2018).  The forum defendant rule provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  The forum defendant rule "is procedural rather than jurisdictional, except where 'the case could not initially have been filed in federal court.'"  *Encompass Ins. Co.*, 902 F.3d at 152 (quoting *Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995)).

Under 28 U.S.C. § 1446(b), which governs the procedure for removal of civil actions from state court to federal court, a defendant is typically required to file a notice of removal within thirty days after receiving a copy of the initial pleading or summons.  28 U.S.C. § 1446(b)(1).  If the case is not removable based on the initial pleading, a defendant may still file a notice of removal later under certain limited circumstances—namely, a defendant may file a

notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

"[T]he burden is on the removing party to establish [both] federal jurisdiction," *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013), and "compliance with all pertinent procedural requirements," *Excel Pharm. Servs., LLC v. Liberty Mut. Ins. Co.*, 389 F. Supp. 3d 289, 292 (E.D. Pa. 2019). Thus, "[a] district court can remand a case for lack of subject matter jurisdiction or for a defect in the removal procedure." *Excel Pharm. Servs., LLC*, 389 F. Supp. 3d at 292 (internal quotation omitted); *see* 28 U.S.C. § 1447(c). A motion to remand based on any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c).

In reviewing this motion to remand, the Court is mindful that "[t]he removal statute should be strictly construed and all doubts resolved in favor of remand." *Johnson*, 724 F.3d at 346 (quoting *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)). "It is well settled that district courts should remand close or doubtful cases for two reasons. First, remand will avoid the possibility of a later determination that the district court lacked jurisdiction and, secondly, remand is normally to a state court which clearly has jurisdiction to decide the case." *Glenmede Tr. Co. v. Dow Chem. Co.*, 384 F. Supp. 423, 433–34 (E.D. Pa. 1974).

**III.    Discussion**

At the center of the parties' dispute is the effect FedEx Ground's Statement of Material Facts had on the removability of this action. It is undisputed that, when the Beganovics filed their complaint in the Court of Common Pleas of Philadelphia County, the forum defendant rule prevented removal because FedEx Ground maintained its principal place of business in

4

Pennsylvania and thus was a citizen of Pennsylvania.  (Doc. No. 1-1 ¶ 2; Doc No. 10 at 8; Doc. No. 11 at 3.)

In its notice of removal, Federal Express Corporation contends that the Statement of Material Facts filed in the state court action, which attached the Certificate of Merger of FedEx Ground into Federal Express Corporation approved by the Delaware Secretary of State, qualifies as "an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable" under 28 U.S.C. § 1446(b)(3).  (Doc. No. 1 ¶¶ 3–10; Doc No. 1-3.)  Federal Express Corporation asserts that the filing substituted Federal Express Corporation, a citizen of Delaware and Tennessee, for FedEx Ground and rendered the forum defendant rule inapplicable.  (*Id.*)  Federal Express Corporation argues that it properly removed the state court action to this Court pursuant to § 1446(b)(3) following the filing of the Statement of Material Facts.  (Doc. No. 1 ¶¶ 9–10.)

The Beganovics put forth three arguments in favor of remand.  (Doc. No. 10 at 16–28.) They argue that the filing of the Statement of Material Facts did not trigger removability under § 1446(b)(3) for two reasons:  (1) § 1446(b)(3) does not permit a defendant to base removal on the defendant's own action that created diversity jurisdiction (*Id.* at 20–22), and (2) the filing of the Statement of Material Facts has no substantive effect on the state action, given that this filing is not mandatory under Pennsylvania's Rules of Civil Procedure, and Pennsylvania's Associations Code permits pending claims against a merged entity to be prosecuted as if the merger had not occurred (*Id.* at 22–25).  They also argue that the time-of-filing rule—i.e., the requirement that there must be complete diversity of citizenship both at the time the case was filed in state court and at the time of removal—precludes Federal Express Corporation's removal action.  (*Id.* at 16–20.)  Finally, they argue that that the forum defendant rule still applies because FedEx Ground

continues to maintain its principal place of business in Pennsylvania and, therefore, remains a citizen of Pennsylvania even after its merger into Federal Express Corporation, citing a webpage that lists Pittsburgh, Pennsylvania as the headquarters of FedEx Ground.  (*Id.* at 25–28.)  As discussed below, the Court finds that removal here is procedurally defective under § 1446(b)(3), and therefore, the Court does not need to reach the Beganovics' additional arguments.

The Court must first decide whether Federal Express Corporation properly removed the state court action pursuant to 28 U.S.C. § 1446(b)(3).  The Court agrees with the Beganovics that FedEx Ground's filing of its Statement of Material Facts in the state court action did not trigger the thirty-day window for removability under 28 U.S.C. § 1446(b)(3) and, therefore, Federal Express Corporation's removal action pursuant to § 1446(b)(3) was improper.[1]

---

[1] In reaching this conclusion, the Court does not invoke the "voluntary-involuntary" rule that implicitly underlies the Beganovics' argument that § 1446(b)(3) does not allow a defendant to create diversity through its own action and subsequently claim that action as the basis for removal.  (*See* Doc. No. 10 at 21–22.)  Under the judicially created voluntary-involuntary rule, "a case that is not initially removable cannot become removable except by a voluntary act of the plaintiff, such as amendment of the pleadings or voluntary dismissal of the non-diverse defendant."  *Newman v. Ethicon, Inc.*, No. 19-cv-4496, 2019 WL 6251194, at *2 (E.D. Pa. Nov. 21, 2019).  This rule formed the basis for a recent remand order from another court in this district in a similar case involving Federal Express Corporation, *Laspino v. Fed. Express Corp.*, No. 24-cv-2874.  (*See* Doc No. 13-1.)

While most circuit courts have adopted the voluntary-involuntary rule in some form, *see Caribe Chem. Distribs., Corp. v. Southern Agric. Insecticides, Inc.*, 96 F.4th 25, 29 (1st Cir. 2024) (collecting cases), the Third Circuit has never explicitly adopted the rule, *see Chaudhary v. Atria Mgmt. Co., LLC*, No. 23-cv-01419, 2023 WL 5596040, at *4 (D.N.J. Aug. 11, 2023) ("Although the Third Circuit has not explicitly applied the voluntary-involuntary rule, almost all other circuit courts have embraced the rule.").  Further, courts within this district have disagreed as to its applicability.  *Compare Newman*, 2019 WL 6251194, at *1–2 (applying the voluntary-involuntary rule to hold that the plaintiff's filing of an amended complaint, following the state court's dismissal of the non-diverse defendant and order to file an amended complaint, was not a voluntary act of the plaintiff that made the state court action removable), *with Bolger v. Utermohlen*, 485 F. Supp. 3d 588, 592–94 (E.D. Pa. 2020) (holding that the "voluntary-involuntary [rule] did not survive Congress' 1949 amendments to 28 U.S.C. § 1446(b) [and] "the judge-made rule must yield to the plain language of [§ 1446(b)(3)]," therefore the state court's order severing the plaintiff's claims and transferring the plaintiff's claims against the non-diverse defendants created diversity jurisdiction and served as a valid basis for removal under § 1446(b)(3)).  Because the Court finds that removal was improper here based on the plain language of § 1446(b)(3), the Court need not reach the question of the validity or applicability of the voluntary-involuntary rule.

Section 1446(b)(3) permits removal "within thirty days *after receipt by the defendant*, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). "It is the cardinal canon of statutory interpretation that a court must begin with the statutory language. . . . When the words of a statute are unambiguous, then this first canon is also the last: judicial inquiry is complete." *In re Phila. Newspapers LLC*, 599 F.3d 298, 304 (3d Cir. 2010), *as amended* (May 7, 2010) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992)). "The plain language of the statute focuses only on what a defendant receives. Thus, the statute does not contemplate that the thirty-day clock would be triggered by information that the defendant already possesses or knows from its own records." *McLaren v. UPS Store Inc.*, 32 F.4th 232, 238 (3d Cir. 2022) (finding that a spreadsheet produced by the defendants, which provided sufficient information to enable the defendants to determine the amount in controversy, was not the type of document that triggered § 1446(b)(3) because "it was not 'recei[ved] by [a] defendant'") (alterations in original) (quoting 28 U.S.C. § 1446(b)(3)).

While the documents that trigger § 1446(b)(3) must be those that the defendant receives, the documents "need not come from the plaintiff" and can also include, for example, motions "filed by other parties" and court orders. *McLaren*, 32 F.4th at 238 n.3. Furthermore, the terms "an amended pleading, motion, order or other paper" used in § 1446(b)(3) "'only address developments within a case,' not a document . . . which is separate and apart from the case." *League of Women Voters of Pa. v. Pennsylvania*, 921 F.3d 378, 384 (3d Cir. 2019) (quoting *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 210 (3d Cir. 2014)).

In its notice of removal, Federal Express Corporation implies that the Statement of Material Facts is the "other paper" that triggered removability under § 1446(b)(3).  (Doc. No. 1 ¶¶ 9–10.)  And, in Federal Express Corporation's opposition to the Beganovics' motion to remand, it asserts that the Certificate of Merger approved by the Delaware Secretary of State and attached to the Statement of Material Facts is the "other paper" that allowed for removal pursuant to § 1446(b)(3).  (Doc. No. 11 at 15.)  But neither document constitutes the type of "other paper from which it may first be ascertained that the case is one which is or has become removable" that would enable Federal Express Corporation to remove this action under § 1446(b)(3).

While Federal Express Corporation is correct that district courts within this circuit have given the term "other paper" in § 1446(b)(3) an "embrace construction including a wide array of documents" (Doc. No. 11 at 14 (quoting *Marchiori v. Vanguard Car Rental USA, Inc.*, No. Civ. A. 05-5685, 2006 WL 724445, at *2 (E.D. Pa. Mar. 17, 2006))), every decision cited by Federal Express Corporation finding that § 1446(b)(3) was triggered by an "other paper" interprets that term to include a document that the defendant *received* as part of the state court action.  *See, e.g.*, *Marchiori*, 2006 WL 724445, at *2 (holding that the plaintiff's response to the defendants' request for admissions constitutes an "other paper"); *Hall v. Delta Air Lines, Inc.*, 340 F. Supp. 2d 596, 598 (D. Vi. 2004) (finding that the plaintiff's settlement offer sent to defendant is an "other paper"); *cf. Entrekin v. Fisher Sci. Inc.*, 146 F. Supp. 2d 594, 615 (D.N.J. 2001) ("[A settlement] offer on the part of the defendant, as opposed to the plaintiff, also apparently does not implicate the [sic] 28 U.S.C. § 1446(b)'s time restriction even if recorded in writing because the statutory provision requires receipt by the defendant, not the plaintiff, of the amended pleading, motion, order, or other paper.").

8

The Statement of Material Facts plainly falls outside the ambit of § 1446(b)(3) because it is a filing that FedEx Ground made, rather than received, in the state court action.  *See McLaren*, 32 F.4th at 241 ("[Section] 1446(b)[(3)]'s text dictates that the thirty-day cloc[k] [is] triggered by documents a defendant receives, and not by what the defendant subjectively knew or the documents in its possession.").  And the Certificate of Merger certified by the Delaware Secretary of State is a document that was issued to Federal Express Corporation separate and apart from this action and only became relevant to the case when FedEx Ground filed it as an attachment to its Statement of Material Facts.  Thus, it too does not constitute an "other paper" under § 1446(b)(3).  *See League of Women Voters of Pa.*, 921 F.3d at 384 ("[D]ocuments not generated within the state litigation generally are not recognized as 'other papers' that can start a 30-day removal period under § 1446(b)") (citing 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3731 (4th ed. rev. 2018)).  Because Federal Express Corporation's removal was predicated on one or both of these documents, the Court finds that Federal Express Corporation improperly removed this action to this Court pursuant to 28 U.S.C. § 1446(b)(3).  Based on this procedural defect, and because the Court must strictly construe the removal statute and resolve all doubts in favor of remand, the Court grants the Beganovics' timely motion to remand.

**IV.    Conclusion**

For the reasons set forth above, the Beganovics' motion to remand is granted.  An appropriate Order follows.